# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: ) | No. 03 C 00287 |
| ) | |
| MOTOROLA SECURITIES LITIGATION ) | Judge Rebecca R. Pallmeyer |
| ) | |

## ORDER AND FINAL JUDGMENT

On the 7th day of September, 2007, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated May 30, 2007 (the "Stipulation")[1] are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendants in the Consolidated Class Action Complaint in the Action (the "Complaint") now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and whether the Stipulation should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not previously and effectively requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund's proceeds among the members of the Class; and (4) whether and in what amount to award the requested attorneys' fees, reimbursement of expenses and other awards; the Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing in all material respects in the form

---

[1] All capitalized terms have the meanings as set forth and defined in the Stipulation, unless defined differently herein.

approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the six classes of Motorola, Inc. ("Motorola") securities identified in the Stipulation (the "Motorola Securities") between February 3, 2000 and May 14, 2001, inclusive (the "Class Period"), as shown by the records of Motorola's transfer agent and the records compiled by the Claims Administrator in connection with its previous mailing of a Notice of Pendency, at the respective addresses set forth in such records, and that a summary notice of the hearing in all material respects in the form approved by the Court was published in the national and European editions of *The Wall Street Journal*, and over the national and European distribution of a global, business-oriented newswire service, pursuant to the specifications of the Court; and the Court having considered and determined the fairness, reasonableness and adequacy of the Settlement and of the award of attorneys' fees, expenses and other awards requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiff, all Class Members, and the Defendants.

2. The Court reiterates its prior findings that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court appointed Class Representative, the State of New Jersey, Department of Treasury, Division of Investment (the "Class Representative"), are typical of the claims of the Class it represents; (d) the Class Representative has and will

continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of the purchasers of Motorola Securities, between February 3, 2000 and May 14, 2001, inclusive. Excluded from the Class are Defendants herein, members of the Individual Defendants' immediate families, any subsidiary, affiliate, or control person of any such person or entity, the officers of Motorola and the legal representatives, heirs, successors, or assigns, of any such excluded party. Also excluded from the Class are the persons and/or entities who excluded themselves from the Class by filing a request for exclusion in response to the Notice of Pendency, as listed on Appendix 1 annexed hereto.

4. Notice of the proposed Settlement of this Action was given to all Class Members who could be identified with reasonable effort. The form, content and method of notifying the Class of the settlement of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement set forth in the Stipulation is the product of substantial, good faith, arm's length negotiations between and among the parties and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, is approved as fair, reasonable, and adequate. The Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The Notice of Pendency provided Class members with an opportunity to exclude themselves from the Class and certain Class Members did so. The Court finds pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure that no further opportunity for Class Members to exclude themselves from the Class is required or necessary.

7. The Complaint and the Action are hereby dismissed with prejudice and, except as provided in the Stipulation, without costs as against the Defendants.

8. The Class Representative and members of the Class, on behalf of themselves, and their heirs, agents, executors, administrators, beneficiaries, predecessors, successors and assigns (in their capacities as such), are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known

claims and Unknown Claims (i) that have been asserted against any of the Released Parties (as defined below) in the Action, or (ii) that could have been asserted in the Action or in any forum by the Class members or any of them, or by their heirs, agents, executors, administrators, beneficiaries, predecessors, successors and assigns (in their capacities as such), against any of the Released Parties, which arise out of or are related to the allegations, transactions, facts, matters or occurrences, representations or omissions, including any public statement by any Defendant during the Class Period, involved, set forth, or referred to in the Complaint (the "Settled Claims"), provided, however, that "Settled Claims" does not mean or include claims asserted by or on behalf of purchasers of Motorola securities not included in the Class, claims brought by persons or entities identified on Appendix 1 hereto, who sought to exclude themselves from the Class by submitting a request for exclusion in response to the Notice of Pendency, claims brought derivatively on behalf of Motorola and claims under the Employee Retirement Income Security Act ("ERISA") asserted in the Howell v. Motorola, Inc., *et al.*, ERISA Litigation, No. 03 C 5044 (N.D. Ill.) against any and all of the Defendants, their past or present subsidiaries, parents, affiliates, successors and predecessors, and the past and present officers, directors, agents, employees, attorneys, auditors, accountants, insurers and reinsurers, legal representatives, heirs, executors, administrators, successors in interest or assigns of any of the foregoing (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. The Defendants, and any of them, and their heirs, agents, executors, administrators, beneficiaries, predecessors, successors or assigns (in their capacities as such), are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them, or their heirs, agents, executors, administrators, beneficiaries, predecessors, successors or assigns (in their capacities as such), against the Class Representative, any of the Class Members or any of their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action except for claims to enforce the Settlement (the "Settled Defendants' Claims"). The Settled Defendants' Claims are hereby released and discharged on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10. The Class Members are hereby barred from suing any of the Released Parties with respect to any of the Settled Claims.

11. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions shall be: (a) offered or received against the Defendants or any other Released Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged in the Action or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has

been or could have been asserted in the Action or in any proceeding, or of any liability, negligence, fault, or wrongdoing of the Defendants; (b) offered or received against the Defendants or any other Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant or any of the Released Parties; (c) offered or received against the Defendants or any other Released Party as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants or Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants or Released Parties may refer to it to effectuate the liability protection granted them hereunder; (d) construed against the Defendants or any other Released Party as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or of the validity of any claims in the Action or of any wrongdoing; or (e) construed as or received in evidence as an admission, concession or presumption against the Class Representative or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

    12. The Plan of Allocation is approved as fair, reasonable and adequate, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation and Plan of Allocation in accordance with the terms and provisions therein.

13. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Lead Plaintiff, the State of New Jersey, Department of the Treasury, Division of Investment, is hereby reimbursed $37,711.17 from the Gross Settlement Fund. Such award is for reimbursement of the Lead Plaintiff's reasonable costs and expenses (including wage costs) directly relating to its representation of the Class, including its participation in and supervision of the litigation and the settlement negotiations, pursuant to Section 21(D)(a)(4) of the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(4)). The Court has considered and found that Lead Plaintiff actively participated in the litigation and settlement discussions.

15. The six (6) class member witnesses (Theodore Gearhart, Lisa Britos, Walter Voelker, Antonio Pagnamenta, Robert Grippo and Steven Snyder, (the "Class Witnesses")) who were deposed by Defendants in connection with their planned trial testimony are each hereby reimbursed $1,000 from the Gross Settlement Fund. Such reimbursement is for the Class Witnesses' time and efforts, deposition testimony and preparation for trial. The Court has considered and found that these awards to the Class Witnesses are warranted.

16. Plaintiffs' Counsel are hereby reimbursed $2,131,707.71 for litigation expenses and costs (including the cost of distribution of the Notice of Pendency), which expenses and costs the Court finds to have been reasonably incurred.

17. Plaintiffs' Counsel shall be paid a fee based on the net recovery to the Class after deduction of all expenses, costs, and other awards as set forth in paragraphs

14-16 herein. Plaintiffs' Counsel are hereby awarded a fee in the amount of $29,711,996.35, equivalent to 16% of the first $100 million in the Gross Settlement Fund and 14% of the balance of the Gross Settlement Fund (after deduction of all expenses, costs, and other awards in the aggregate amount of $2,174,354.34 as set forth in paragraphs 14-16 herein), as and for their attorneys' fees, which sum the Court finds to be fair and reasonable. The foregoing amounts shall be paid to Lead Counsel from the Gross Settlement Fund with interest from the date of this Order and Final Judgment until the date of payment at the same rate that the Gross Settlement Fund earned in that period. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel at the discretion of Lead Counsel.

18. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that: (a) the Settlement will create a fund of $190 million in cash, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Lead Counsel; (b) over 1.3 million copies of the Settlement Notice were disseminated to putative Class Members indicating that Lead Counsel were moving for attorneys' fees in an amount of approximately fifteen percent (15%) of the amount of the Gross Settlement Fund as reduced by litigation expenses and as increased by interest, and for reimbursement of expenses in an amount of approximately $2.2 million; (c) Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy; (d) the Action involves complex factual and legal issues and was actively prosecuted over four and one-half years up until the eve of trial and, in the absence of a settlement, would have involved further lengthy proceedings with uncertain resolution of the complex factual and legal issues; (e) had Lead Counsel

not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the Class might have recovered less or nothing from the Defendants; (f) the requested fee award is based on a formula that was negotiated at the outset of the litigation by the Lead Plaintiff, the State of New Jersey, Department of the Treasury, Division of Investment, a sophisticated investor and litigant, and that was also disclosed to the Court at the outset of the litigation; (g) Plaintiffs' Counsel have devoted over 36,000 hours, with a lodestar value of over $15.7 million, to achieve the Settlement; and (h) the amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

19. Exclusive jurisdiction is hereby retained over the parties and the Class Members relating to the administration of the Settlement Fund as provided in this Order and Final Judgment, including any matters concerning fees, expenses, awards, and issues in connection with administering and distributing the Settlement proceeds to the members of the Class. Once Defendants have completely fulfilled all their obligations under the Stipulation, all claims against Defendants asserted in the Action are dismissed with prejudice. The Court retains no jurisdiction with respect to Plaintiffs' claims against the Defendants.

20. This Judgment and all provisions thereof, and the Settlement, shall bind each Class Member whether or not that Class Member files a Proof of Claim or receives an allocation of settlement proceeds.

21. Defendants and the other Released Parties, including their respective insurers, shall have no responsibility for the administration of the Settlement and shall have no liability in connection with such administration.

22. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

23. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: Chicago, Illinois
_Sept 7_, 2007

_____
HONORABLE REBECCA R. PALLMEYER