**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---

**In re:**

**Motorola Securities Litigation**

**No. 03 CV 00287
Judge Pallmeyer**

---

**REQUEST FOR DESIGNATION OF
*CY PRES* DISTRIBUTION**

The Chicago Bar Foundation (CBF) respectfully requests that the Court designate the CBF to receive a share of the residual funds available for *cy pres* distribution in this litigation.

As 16 different judges in the Northern District and several judges in the Bankruptcy Court have recognized in more than 20 cases over the past several years, the CBF is an appropriate recipient for residual funds in class action cases because the CBF plays an integral role in advancing access to justice in the courts. A schedule of cases in which courts in this district have awarded *cy pres* funds to the CBF since 2004 is attached to this request.

As courts in this district and many others throughout the country have recognized, awarding residual funds from class action settlements or judgments to organizations that improve access to justice for low-income and disadvantaged people is an appropriate use of the *cy pres* doctrine. While this Court correctly noted in its order that other federal courts have questioned awards to charities with no connection to either the class or the underlying case, courts in the Seventh Circuit and throughout the country regularly approve *cy pres* awards for legal aid and access to justice organizations. That is because the one common underlying premises for all class actions is to make access to justice a reality for people who otherwise would not be able to obtain the protections of the justice system. *See, e.g.*, Thomas A. Doyle, *Residual Funds in*

*Class Action Settlements: Using "Cy Pres" Awards to Promote Access to Justice*, Federal

Lawyer, July 2010; *In re Xpedior Inc.*, 354 B.R. 210, 240 (Bkrtcy. N.D. Ill. 2006)

("C]onsideration should also be given to our obligation as lawyers and judge to consider needs of

the justice systems both federal and state in the community and nation for assistance to adults as

well as children in need of service they cannot pay for … As lawyers and judges outreach in an

increasing effort to aid in the improvement of justice, the Surplus Funds could supply an

important resource"); *In re Scouring Pads Antitrust Litigation*, No. 93 C 6594, 1995 WL 290242,

at *1 (N.D. Ill., May 11, 1995) (appointing the Chicago Bar Foundation as an agent to handle the

distribution of unclaimed funds and awarding those funds at the suggestion of the Chicago Bar

Foundation); *Superior Beverage Co. v Owens-Illinois, Inc.*, 827 F. Supp. 477 (N.D. Ill. 1993)

(noting that "i]n recent years, the doctrine [of *cy pres*] appears to have become more flexible.

Funds remaining in antitrust cases have been awarded to law schools to support programs having

little or no relationship to antitrust law, competition, or the operation of our economy" and

approving distribution of unclaimed funds to a variety of charitable organizations, including 11

legal service programs and law schools).

     In addition to the large body of case law supporting the use of *cy pres* awards to advance

access to justice, Illinois is one of a growing number of states that have adopted statutes or court

rules at the state level codifying the principle that organizations which promote legal aid and

access to justice are always an appropriate use for residual funds in class action cases.  *See* 735

ILCS §5/2-807.  While not binding on this Court, the Illinois statute and similar statutes and

rules in other states underscore that legal aid and access to justice are distinct from other

charitable causes far unconnected from the interests of the class members that have drawn concerns from the American Law Institute and some courts in other jurisdictions. [1]

Among the federal court projects here in Chicago that *cy pres* awards have made possible and continue to support through the CBF are the District Court Pro Se Program and the Bankruptcy Court Help Desk.  The CBF helped develop these programs and provided the seed funding in partnership with the Court and one other applicant in this case, LAF; the CBF has continued to provide the core funding for these programs, which now totals more than $200,000 per year.  The CBF has made long-term funding commitments to continue this funding support from *cy pres* awards.  These two projects have become models for similar projects throughout the country.

Residual fund awards to the CBF also provide important support for an innovative project through which *pro bono* attorneys represent *pro se* litigants in settlement conferences in federal cases in the Northern District of Illinois, a project run by one of the CBF's partner organizations, the Chicago Lawyers Committee for Civil Rights under Law (also an applicant in this case).  Finally, *cy pres* awards help make it possible for the CBF to provide steady support for the major *pro bono* and legal aid organizations that serve clients in federal court.  Additional information

---

[1]  In *Nachshin v. AOL, LLC*, 663 F.3rd 1034 (9th Cir. 2011), cited by this Court in its Order (Dkt. 594), the Ninth Circuit overturned the award of residual funds to a local Los Angeles legal aid organization based on Ninth Circuit *cy pres* tests and because of the Ninth Circuit's concern that the distribution in *Nachshin* did "not account for the broad geographic distribution of the class." *Id.* at 1040.  Seventh Circuit cases have not adopted the Ninth Circuit tests.  Regardless of the legal tests, the CBF engages in work with both local and national impact on access to justice.  This includes advocacy work at the federal level on legal aid and access to justice issues (*see* http://www.chicagobarfoundation.org/legislative-and-policy), grants to a number of organizations with national scope in their access to justice work (such as Health & Disability Advocates, Equip for Equality, the Sargent Shriver National Center on Poverty Law, and the National Immigrant Justice Center), as well as ongoing leadership in national efforts to improve access to justice.

on CBF grants and programs is available on the Chicago Bar Foundation website at

http://www.chicagobarfoundation.org.

For all of these reasons, the CBF is an appropriate recipient for a residual fund distribution in the present case.   The CBF has a consistently impactful track record of service to the courts and the larger cause of access to justice.  An award to the CBF will in a very real way advance the objectives recognized in the case discussed above, by helping keep the courts open and accessible to plaintiff class members and other persons who will need the protections of the legal system in the future.

Dated:  September 17, 2012         By: /s/ Robert Glaves      

                 Executive Director
                 The Chicago Bar Foundation
                 321 S. Plymouth Ct., Suite 3B
                 Chicago, Illinois 60604
                 (312) 554-1205

Wilber H. Boies, P.C.
Nathaniel L. Whalen
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606
(312) 372-2000

Attorneys for
 The Chicago Bar Foundation

# SCHEDULE OF FEDERAL CY PRES AWARDS TO
## THE CHICAGO BAR FOUNDATION
### *September, 2012*

| Date Received | Case Name | Case Number |
|---|---|---|
| 2012 | Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation | 1:09-cv-7670 |
| 2011 | In Re Synthroid Mkg, et al v. BASF Corp, et al | 1:97-cv-06017 |
| 2011 | Ajiere v. Tressler, Soderstrom, Maloney & Priess, LLP | 1:09-cv-06125 |
| 2011 | Miller v. Midland Credit Management et al | 1:08-cv-780 |
| 2011 | Ong v. Sears | 1:03-cv-04142 |
| 2011 | Mirsky v. Ulta Salon, Cosmetics & Fragrance, Inc. et al | 1:07-cv-07083 |
| 2011 | Nicole Kiousis v. Encore Receivable Mgmt. | 1:11-cv-00033 |
| 2012 | Nelson v. BP Corp. North America | 1:04-cv-07660 |
| 2011 | Boecherer v. Burling Bank | 08-C-1332 |
| 2011 | Harris v. Furniture Bargains LL | 09-cv-1070 |
| 2009 | Holtzman, et al v. CCH | 07 C 7033 |
| 2009 | Stone, et al v. Corus Bank | 08-cv-1746 |
| 2009 | Magnus v. Financial Network Investment Corporation. | 07 C 7112 |
| 2008 | Allied Products Corporation Securities Litigation Settlement Fund | |
| 2008 | Thomas H. Lau v. Arrow Financial Services, LLC | 06-C-3141 |
| 2008 | Spillane v. ComEd and Nicor | 1:03-cv-01989 |
| 2008 | Plibrico Company | 02 B 09952 |
| 2007 | Romero v. Law Offices of Mitchell N. Kay, P.C. | 06 C 954 |
| 2006 | In re Xpedior Incorporated | 01 B 14424 |
| 2006 | Nelson v. UBS Global Asset Management, Inc | |
| 2006 | Wilson v. BNC Mortgage, Inc. | 04 C 4558 |
| 2006 | Kay Dawson and Claudell Turner v. Allied Interstate, Inc. | 04 C 6618 |
| 2005 | Chuway v. National Action Financial Services, Inc. | 02 C 1247 |
| 2004 | Starlink Corn Products Liability Litigation | 01 C 1181 |
| 2004 | Jones v. Risk Management Alternatives, Inc. | 02 C 9392 |

DM_US 38887534-1.099843.0013